IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RONNELL A. GREGORY, )
)
Petitioner, )
)
v. ) Civil Action No. 3:16CV830–HEH
)
HAROLD CLARKE, )
)
Respondent. )

## MEMORANDUM OPINION
(Dismissing Petition for Writ of Mandamus)

Ronnell Gregory, a Virginia inmate proceeding *pro se* and *in forma pauperis*, submitted a "Motion to Produce Documents" that, in essence, is a petition for a writ of mandamus ("Petition," ECF No. 1). The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," stating a claim that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF PETITION

In his Petition, Gregory states:[1]

> On August 13, 2015, the defendant, Ronnell Antonio Gregory, filed [in] the [Circuit] Court [for the City of Virginia Beach, Virginia] a post-conviction request for evidence testing pursuant to [Virginia Code §] 19.2-327.1. On October 6, 2015, the Honorable William R. O'Brien enter[ed] an order granting the Commonwealth 30 days from said order to respond.
> 
> On December 1, 2015 defendant Gregory filed in [the Circuit] Court a "Motion for Default/Summary Judgment" because the Commonwealth did not receive[the] court order of October 6, 2015 until December 8, 2015, but the Commonwealth has failed or refused to provide the defendant Gregory with any documentation, nor has [the Circuit] Court provided the defendant Gregory with any documentation that . . . would provide a December 8, 2015 date or any other date as proof of the exact date the Commonwealth received [the Circuit] Court order to file a responsive pleading in [this] matter. The defendant Gregory is clearly entitled to any documentation that would be proof of what date the Commonwealth

---

[1] The Court utilizes the pagination assigned to Gregory's Petition by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation in quotations from Gregory's Petition.

3

received [the Circuit] Court's order of October 6, 2015 giving the Commonwealth 30 days to file a responsive pleading within the 30 days time limit issued in [the Circuit] Court's order of October 6, 2015 and has alleged that its failure to file a responsive pleading 30 days from October 6, 2015 was due to [the Circuit] Court's error in supplying the Commonwealth with [the Circuit] Court's order of October 6, 2015 until December 8, 2015. The rules of the Virginia Supreme Court clearly dictate[] rules of engagement when it comes to litigation. Once [the Circuit] Court issued an order of October 6, 2015, time for which the Commonwealth had to file its responsive pleading, the Commonwealth was under [the Circuit] Court's ordered time frame and failure to comply would clearly place the Commonwealth in violation of [the Circuit] Court's order and rules of the Virginia Supreme Court.

The only authorization extending the time for which the Commonwealth had to respond is either by approval of a motion for extension of time filed by the Commonwealth or by some circumstance that was completely out of the Commonwealth's control and if such had occurred, then the defendant as party to the action before the court is entitle[d] to such notice and without such notice to the defendant the Commonwealth is presumed to be in violation of the [Circuit] Court's order of October 6, 2015 and presumed to be in default and is in violation of the rules of the Virginia Supreme Court. Therefore, the defendant because of the importance of the alleged December 8, 2015 date by the Commonwealth as proof by the Commonwealth as a date the Commonwealth had received the [Circuit] Court's order of October 6, 2015 as proof that the Commonwealth had not violated the [Circuit] Court order of October 6, 2015 or the rules of the Virginia Supreme Court, the defendant is entitled to such documentation to ensure that the playing field is fair, and the defendant's constitutional rights to due process have not been violated, suppression by the prosecution of evidence favorable to an accused upon request violates due process.

(Pet. 2–3.)

### III. ANALYSIS

Gregory seeks for this Court to "order Virginia Beach clerk's office [for the Circuit Court] and or the Virginia Beach commonwealth's attorney's office to produce the document that the commonwealth attorney presented to the court on 1-19-16 stating that she did not receive the court order until 12-8-15." (*Id.* at 3.) This Court, however,

4

lacks jurisdiction to grant mandamus relief against state officials or state agencies. *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969); *Islam v. Va. Supreme Court*, No. 3:07CV418, 2007 WL 3377884, at *1 (E.D. Va. Nov. 13, 2007) (citation omitted). Thus, the Court cannot grant Gregory the relief he desires. Accordingly, Gregory's Petition will be dismissed.

Moreover, even if Gregory's suit were brought pursuant to 42 U.S.C. § 1983, he has not stated a viable claim for relief for various reasons. First, Gregory has failed to mention Respondent Harold Clarke in the body of his Petition. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Moreover, Gregory fails to allege that Clarke deprived Gregory of a constitutional right. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). For these reasons, to the extent that Gregory's Petition is construed as a complaint brought pursuant to 42 U.S.C. § 1983, it will be dismissed for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

Gregory's Petition (ECF No. 1) will be dismissed for lack of jurisdiction. The action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: May 3, 2017
Richmond, Virginia